UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID WAYNE POYDRAS** | **CIVIL ACTION NO. 07-1507** |
| **VS.** | **SECTION P** |
| **STATE OF LOUISIANA** | **JUDGE MELANCON** |
| | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

Before the Court is a petition for *habeas corpus* filed by *pro se* petitioner, David Wayne Poydras filed on September 10, 2007.[1]  Petitioner is currently confined at the Louisiana State Penitentiary in Angola, Louisiana.  He challenges his 1986 convictions for aggravated rape for which he is serving two consecutive life sentences.  Petitioner was convicted of those crimes in the 15th Judicial District Court for Lafayette Parish.

LAW AND ANALYSIS

This court's records confirm that petitioner has filed three previous federal petitions for *habeas corpus* relief in which he attacked these same convictions: *Poydras v. Warden Louisiana State Penitentiary,* Docket Number 6:98cv2263 (W.D.La. 1998)*; Poydras v. Warden Burl Cain,* Docket Number 6:98cv2246 (W.D.La. 1998)*; Poydras v. Warden Louisiana State Penitentiary,* Docket Number 6:02cv0134 (W.D.La. 2002)[2]  The

---

[1] Although petitioner attempts to assert his claims via 28 U.S.C. § 2241 using this court's standardized petition for such claims, that statute has no applicability in cases such as this where a state inmate stands finally convicted of a state crime.  Accordingly, the undersigned construes the instant action as filed pursuant to 28 U.S.C. § 2254.

[2] This court's records reveal another action purportedly filed pursuant to 42 U.S.C, § 1983 challenging these same convictions.  Accordingly, to the extent the plaintiff's allegations could be interpreted as seeking federal *habeas corpus* relief, the action was dismissed as a second or successive petition filed without proper authorization of the United States Fifth Circuit Court of Appeal.  *See Poydras  v. District Attorney Michael Harson,* Docket

first such petition was denied and dismissed with prejudice as barred by the one-year limitation period codified at 28 U.S.C. § 2244(d). On July 28, 1999, the Fifth Circuit denied petitioner's request for a certificate of appealability. *See Poydras v. Cain*, 99-30248 (5th Cir. 1999). The second petition was dismissed without prejudice as a second or successive petition within the meaning of 28 U.S.C. § 2244. The third petition was transferred to the United States Fifth Circuit Court of Appeals due to the fact that it too was a second or successive petition filed without proper authorization of the United States Fifth Circuit Court of Appeals. On April 11, 2002, the Fifth Circuit granted petitioner's Motion to Dismiss the transferred second or successive petition. *See In re: Poydras*, 02-30332 (5th Cir. 2002). *See also* Court Exhibit 1, *in globo*.

In the instant standardized petition, Poydras asserts that he was denied his right to directly appeal his convictions and sentences because in rendering its decision on direct appeal, the Louisiana Third Circuit Court of Appeal did not expressly state that it conducted a review for errors patent. *See State v. Poydras,* 514 So.2d 516 (La. App. 3d Cir. 1987). Although petitioner apparently filed a supplemental appeal in 2006 and writs for mandamus action and reconsideration that same year, petitioner never properly filed for direct review in the Louisiana Supreme Court. Petitioner also filed at least two applications for post conviction relief which were ultimately denied by the Louisiana Supreme Court on October 19, 1990 and October 30, 1998, respectively. *State ex rel*

---

Number 6:98cv2245 (W.D.La. 1998).

*Poydras v. Smith*, 567 So.2d 1116 (La. 1990); *State ex. rel. Poydras v. State*, 723 So.2d 975, 98-KH-1567 (La. 1998).

The instant petition is Poydras' fourth federal *habeas corpus* petition filed in this court, as such, it is a clearly a "second or successive" petition under 28 U.S.C. § 2244. AEDPA does not define what constitutes a "second or successive" petition. However, decisions of the United States Fifth Circuit Court of Appeals provide guidance in determining when a § 2254 petition should be considered second or successive for purposes of § 2244(b)(3). A prisoner's petition is not second or successive simply because it follows an earlier federal petition. *In Re Cain,* 137 F.3d 234, 235 (5th Cir. 1998). Rather, a later petition is successive when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id.* Thus, the provision has been described as "modified *res judicata* rule" which bars claims which were ripe for disposition at the time the original petition was filed, but which were inexcusably not raised in that earlier petition. *United States v. Orozco-Ramirez*, 211 F.3d 862, 868-871 (5th Cir. 2000). Such claims are deemed second or successive. *Id.* The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Thus, the Fifth Circuit has suggested a focus of the inquiry is

whether in the prior petition, the petitioner received an adjudication on the merits of his claims.

Clearly, under either standard, the instant petition is "second or successive." The claims raised herein either were or could have been raised in the three earlier petitions. Moreover, petitioner's first prior petition was adjudicated on the merits, and was denied and dismissed with prejudice by this court.[3] Hence, the instant petition is unquestionably "second or successive".

Before this petition may be considered by this court, petitioner is required to obtain authorization to file this second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A) which provides in part, "[b]efore a second or

---

[3] Although a dismissal based upon the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. *See Villanueva v. United States,* 346 F.3d 55, 61 (2nd Cir. 2003); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Guyton v. United States,* 23 Fed. Appx. 539, 540 (7th Cir. 2001) (dismissal of a *habeas* petition "because the district court determined, albeit erroneously, that it was not filed within the applicable statute of limitations ... operates to dispose of the case on the merits as much as an erroneous finding that a petitioner had failed to state an element of a claim."); *Lee v. Cain,* 2007 WL 2446123 (W.D.La. 2007); *Barrow v. Cain,* 2007 WL 1035023, *2 (W.D.La. 2007); *Middleton v. Cain,* 2007 WL 2081003, *2 (W.D.La. 2007); *Gray v. Dretke*, 2005 WL 1768750, *2 (S.D.Tex. 2005); *Cate v. Ayers,* 2001 WL 1729214, at *3-4 (E.D.Cal.2001) (stating that "[t]he law is clear that a dismissal based on the statute of limitations is an adjudication of the merits of the claim" and "operates as a final judgment on the merits" thus, holding that a petition for federal *habeas corpus* relief was successive within the meaning of section 2244(b) because the petitioner previously had filed a federal petition that was dismissed as untimely); *United States v. Casas,* 2001 WL 1002511, at *2 (N.D.Ill.2001) (holding that the dismissal of a prior federal petition under the statute of limitation is "akin to a dismissal on the merits, and thus bars a subsequent petition" unless authorized by the court of appeals); *Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1029 (C.D.Cal. 2003) (holding that a previous dismissal based on the statute of limitations "is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under AEDPA."); *United States v. Harris*, 2002 WL 31859440, *3 (E.D.Pa. 2002) ("the term 'second or successive petition'...whose post-AEDPA meaning by necessity includes habeas petitions by defendants whose initial petitions were dismissed on statute of limitations grounds."). *See also Plaut v. Spendthrift Farm,* 514 U.S. 211, 228, 115 S.Ct. 1447, 1457, 131 L.Ed.2d 328 (1995) citing *United States v. Oppenheimer,* 242 U.S. 85, 87-88, 37 S.Ct. 68, 61 L.Ed. 161 (1916) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); *Mathis v. Laird,* 457 F.2d 926, 927 (5th Cir.), *cert. denied,* 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972) ("A ruling based on the statute of limitations is a decision on the merits for *res judicata* purposes."); *In re Marino,* 181 F.3d 1142, 1144 (9th Cir.1999) (same).

successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The record does not show that petitioner has received such authorization. Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

This court is not required to transfer this second and successive *habeas* petition to the Fifth Circuit for a determination whether petitioner should be allowed to proceed. Although some district courts have taken this route, it is not mandatory. In *In Re Epps,* 127 F.3d 364 (5th Cir. 1997) the Fifth Circuit addressed the appropriate procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the circuit court is appropriate. The *Epps* opinion does not contain a directive to the district courts to transfer successive *habeas corpus* petitions to it, although utilization of this procedure may be appropriate in some cases. Rather, the opinion merely adopts a procedure to be used when a successive petition filed without prior authorization is transferred to that court. *Id.*

In the instant case, it is clear that petitioner has been given the opportunity to seek proper authorization from the Fifth Circuit to present his claims to this court. However, rather than follow the procedural prerequisites to filing in this court, petitioner instead requested that his transferred petition be dismissed, and then attempted to circumvent this

5

court's procedures by filing a fourth federal *habeas corpus* petition in this court.  In light of petitioner's previous filings in this and the appellate court, petitioner is obviously well versed in the law and should have been aware that this court cannot review his claims unless and until appropriate authorization from the Fifth Circuit has been obtained. Accordingly, the undersigned concludes that the appropriate action for this court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

The law is clear that this court cannot entertain the merits of this petition without authorization from the Fifth Circuit as mandated by 28 U.S.C. § 2244(b)(3)(A). The record fails to show that petitioner has received such authorization from the Fifth Circuit. Therefore, the undersigned finds that this petition should be dismissed.  Accordingly;

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** because the instant petition constitutes a second and successive *habeas* petition within the meaning of 28 U.S.C. § 2244(b) filed without prior authorization of the United States Fifth Circuit Court of Appeals.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 9th day of October, 2007.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE